358 So.2d 1149 (1978)
AMERICAN WOOD PRODUCTS, INC., Appellant,
v.
WALTER E. HELLER & COMPANY SOUTHEAST, Formerly Known As Walter E. Heller & Company of Florida, Appellee.
No. 77-425.
District Court of Appeal of Florida, Third District.
May 16, 1978.
Rehearing Denied June 15, 1978.
*1150 Nichols & Tatich, Orlando, for appellant.
Friedman & Britton, Orlando, for appellee.
Before PEARSON, NATHAN and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from a summary final judgment entered by the trial court on February 1, 1977, in favor of appellee, defendant below. Appellant contends that, at the time the trial court granted the summary final judgment, certain genuine issues of material facts existed which precluded its proper entry. We disagree with appellant's contention, and affirm the summary final judgment appealed.
About November 16, 1970, appellant and appellee entered into an agreement for certain financing arrangements with respect to accounts financing and inventory loans. Subsequently, this agreement was amended by four "letter agreements." Thereafter, on January 13, 1976, appellant filed a complaint alleging that appellee charged, demanded, and collected interest from appellant at a rate in excess of that permitted under the laws of the State of Florida. Appellee filed an answer and affirmative defenses admitting all of the material allegations of the complaint, except those relating to the character of the amount of $27,668 collected by appellee and appellant's entitlement to attorney's fees in connection with the action.
Appellee admitted in its answer that, as of September 30, 1975, appellant owed it the aggregate amount of $1,086,035.80 computed as follows:

 Outstanding principal balance
 of indebtedness $1,072,831.80
 Accrued interest through
 September 30, 1975 13,204.00
 _____________
 Total 1,086,035.80
 =============

In addition to this amount, appellee demanded and received from appellant, under protest, the amount of $27,668.
The agreement between appellant, as borrower, and appellee, as lender, provided that appellant would maintain a minimum loan balance of $150,000 until such time as the agreement terminated in accordance with its provisions on December 31, 1976. However, prior to this date, appellant voluntarily sought to terminate the agreement. Although the agreement made no provision for it, appellee demanded the payment of $27,668 from appellant as a condition for appellee's acceptance of the proposed termination. On September 30, 1975, the agreement was terminated and appellant paid the demanded amount of $27,668. Appellee admits that this amount was calculated by applying the rate of interest set forth in the agreement to the minimum loan balance for the remainder of the original financing period specified in the agreement.
Appellant and appellee agree that the agreement was not usurious at its inception; however, appellant contends that the amount of $27,668 which it paid for the right to terminate the agreement constituted an usurious interest charge, i.e., a rate in excess of 15% per annum, in violation of Section 687.03, Florida Statutes (1975).
Appellee contends that the amount of $27,668 did not constitute a payment of interest, but instead constituted an amount due it as consideration for appellant's voluntary termination of their agreement prior to its maturity.
The record reflects that the trial court, in granting appellee's motion for summary final judgment, necessarily determined that, as a matter of law, appellant's payment of the amount of $27,668 was consideration for the right to terminate the agreement and not the payment of interest under the agreement. We agree with the trial court's *1151 characterization, and note that the transaction was the antithesis of a loan, i.e., putting an end to credit instead of giving it. Although we are unaware of any Florida authority directly on point, the majority of the other states which have considered similar questions have arrived at the same conclusion. See Northway Lanes v. Hackley Union National Bank & Trust Co., 464 F.2d 855 (6th Cir.1972); Feldman v. Kings Highway Savings Bank, 303 N.Y. 675, 102 N.E.2d 835 (1951); Annot., 75 A.L.R.2d 1265 (1961); and 130 A.L.R. 73 (1941). Further, based on the facts of this case, we feel that the manner by which appellee computed the amount which it would charge appellant for the right to terminate their agreement does not affect its characterization as consideration for such right, rather than being characterized as additional interest and, therefore, becoming an usurious interest charge. The parties' agreement contained no provision for a premature termination. As a result, appellee was lawfully entitled to exact a termination charge, here the amount of $27,668, as a condition for releasing appellant from their agreement.
Affirmed.